UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Federico MARTINEZ CARDENAS,<br><br>                  Petitioner,<br><br>   v.<br><br>Janet NAPOLITANO, Secretary of Department of Homeland Security; Eric HOLDER, Attorney General; Natalie ASHER, Field Office Director, Detention and Removal Operations, Immigration and Customs Enforcement,<br><br>                  Respondents. | NO. C13-20 RSM<br><br>ORDER DENYING MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES |

**I. INTRODUCTION**

This matter comes before the Court on Petitioner's Motion for Equal Access to Justice Act ("EAJA") Fees pursuant to 28 U.S.C. § 2412 (Dkt. # 22). Respondents oppose the motion on the basis that the government's position in this matter was "substantially justified" for purposes of the EAJA statute. Having reviewed the motion, the government's response (Dkt. # 23), Petitioner's reply (Dkt. # 26), and the balance of the file, the Court DENIES the motion.

ORDER DENYING MOTION FOR EQUAL ACCESS TO JUSTICE
ACT FEES - 1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection in March 1997. Administrative Record ("AR") L39-40, 45. On August 7, 2006, Petitioner was convicted of unlawful possession of methamphetamine in Tillamook County, Oregon, and was sentenced to 10 days in jail and 18 months of probation. AR R74-77.

On June 25, 2012, Immigration and Customs Enforcement ("ICE") encountered Petitioner at the Tillamook County jail where he was detained pending charges of unlawful possession and distribution of methamphetamine. AR R66, 73. Those charges were dismissed by the Circuit Court of the State of Oregon for Tillamook County on September 25, 2012. AR R68-70. On September 27, 2012, Petitioner was transferred to ICE custody pursuant to an immigration detainer and detained without bond. AR R66, 73, L54. ICE issued a notice to appear charging Petitioner with being removable from the United States under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), based on his 2006 conviction of a law relating to a controlled substance. AR L62-64.

On December 6, 2012, Petitioner appeared without counsel before an Immigration Judge and requested bond pursuant to 8 U.S.C. § 1226(a). The Immigration Judge determined that the court lacked jurisdiction over Petitioner's request for bond redetermination because Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). AR L103. Petitioner remained detained pending the removal proceedings.

On January 4, 2013, Petitioner filed a petition for writ of habeas corpus, challenging the lawfulness of his mandatory detention on the basis that this Court has construed the language of 8 U.S.C. 1226(c) to unambiguously require the government to detain aliens

ORDER DENYING MOTION FOR EQUAL ACCESS TO JUSTICE
ACT FEES - 2

immediately upon their release from state criminal custody, not years later. Dkt. # 1. The government filed a motion to dismiss, arguing (1) that the statutory language is ambiguous, and (2) that in the alternative, even if the language is unambiguous, failure to comply with the deadline did not deprive ICE of its authority to detain Petitioner without a bond hearing. *See* Dkt. # 10. On March 25, 2013, the Honorable Mary A. Theiler, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), which recommended that Petitioner's petition for writ of habeas corpus be granted and Respondents motion to dismiss be denied. Dkt. # 18. The undersigned adopted the R&R in its entirety on May 13, 2013. Dkt. # 19.

### III. DISCUSSION

Under 28 U.S.C. § 2412(d), a party is entitled to recover attorney's fees if it can demonstrate the following: (1) that it is the prevailing party, (2) that the position of the United States was not substantially justified, and (3) that special circumstances do not exist, which would render an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A).The government concedes that Petitioner is the prevailing party and that no special circumstances exist in this case. Dkt. # 23, p. 3. Thus, resolution of Petitioner's motion turns on whether the position taken by the government was substantially justified.

The government bears the burden of demonstrating that its position was substantially justified. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The test is "one of reasonableness." *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005). That is, the Government's position is "substantially justified" if it is "merely reasonable in law and fact." *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "In making a determination of

ORDER DENYING MOTION FOR EQUAL ACCESS TO JUSTICE
ACT FEES - 3

substantial justification, the Court must consider the reasonableness of both the underlying government action at issue and the position asserted by the government in defending the validity of the action in court." *Al-Harbi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002) (internal quotations and citation omitted). But while the government bears the burden of showing that its position was reasonable, "the government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali*, 854 F.2d at 334.

      Petitioner contends that because Judges in this District have consistently adopted Petitioner's interpretation of the "when the alien is released clause" in 8 U.S.C. § 1226(c), the government was not substantially justified in taking the position that Petitioner was subject to mandatory immigration detention several years after he was released from state criminal custody. *See, e.g., Castillo v. ICE Field Office Director*, 907 F. Supp. 2d 1235 (W.D. Wash. 2012). The government contends that because the issue has not been ruled on by the Ninth Circuit Court of Appeals, and because the law among other circuits is unsettled, its position that (1) the statutory language is ambiguous and (2) that even if it was unambiguous, the government retained authority to place Petitioner in mandatory detention, was substantially justified.

      Both the Third and Fourth Circuit Courts of Appeals have directly addressed the statutory language of 8 U.S.C. § 1226(c) and have favored the government's interpretation. *See Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2013) (adopting government's position that "when" is not limited to "immediately"); *see also Sylvain v. Attorney General of the United States*, 714 F.3d 150 (3d Cir. 2013) (not reaching the issue of construing "when" but holding that government does not lose mandatory detention authority after a lengthy period of

ORDER DENYING MOTION FOR EQUAL ACCESS TO JUSTICE
ACT FEES - 4

release). While true that there is no binding precedent in the Ninth Circuit, this Court has expressly declined to follow the reasoning adopted by both the Third and Fourth Circuits. *See, e.g.*, *Castillo*, 2012 WL 5511716, at * 4 (declining to follow *Hosh*); *Deluis-Morelos v. ICE Field Office Director*, Case No. C12-1905-JLR, 2013 WL 1914390, at * 4-6 (W.D. Wash. May 8, 2013) (declining to follow *Hosh* and *Sylvain*).

In considering a motion to award EAJA fees in a similar case, this Court determined that the government's position that § 1126(c) "is ambiguous and allows mandatory detention of aliens even if they are detained years after their release from state criminal custody" is "not reasonable in light of Western District of Washington cases to the contrary." Dkt. # 24, p. 2 (*Lopez-Servin v. Holder*, Case No. C12-1680-TSZ (W.D. Wash. May 23, 2013)). In *Lopez-Servin*, the Court went on to state that the government's alternative argument—that failure to comply with the statutory deadline did not deprive ICE of its mandatory detention authority—was reasonable. *Id.* at 3. The Court's conclusion, however, rested on the fact that although four Judges in this District had since rejected the government's alternative position, which was consistent with *Hosh* and *Sylvain*, the majority of the orders in those cases were not issued before briefing was completed. *Id.* Like in *Lopez-Servin*, briefing in this case was not completed before the rash of orders that ultimately rejected all of the government's arguments were issued. *See infra*. For that reason, the Court cannot say that the litigation position previously taken by the Government was not substantially justified. Accordingly, Petitioner's motion for EAJA fees is DENIED.

On a cautionary note, the government now has before it at least five orders of the Court, besides the Order issued in this case (Dkt. # 18), that have rejected its arguments. *See*

ORDER DENYING MOTION FOR EQUAL ACCESS TO JUSTICE
ACT FEES - 5

*Castillo*, 2012 WL 5511716, at * 4 (declining to follow *Hosh*); *Marin-Salazar v. Asher*, Case No. C13-96-MJP-BAT, 2013 WL 1499047, at * 4-5 (W.D. Wash. March 21, 2013) (declining to follow *Hosh*); *Lopez-Servin*, (W.D. Wash. April 4, 2013) (declining to follow *Hosh*); *Deluis-Morelos v. ICE Field Office Director*, Case No. C12-1905-JLR, 2013 WL 1914390, at * 4-6 (W.D. Wash. May 8, 2013) (declining to follow *Hosh* and *Sylvain*); *Gomez-Ramirez v. Asher*, Case No. C13-196-RAJ-JPD, 2013 WL 2458756, at * 5 (W.D. Wash. June 6, 2013) (declining to follow *Hosh*). At this point, any further attempt to assert the *same* arguments, absent new authority, is no longer reasonable.[1]

### IV. CONCLUSION

Having considered the motion, the response and reply thereto, the attached exhibits and notice of supplemental authority, and the remainder of the record, the Court hereby finds and ORDERS: Petitioner's Motion for Attorney Fees (Dkt. # 22) is DENIED.

Dated this 13th day of November 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] On March 8, 2013, Respondents incorrectly filed a motion to dismiss in this case that was meant to be filed in the *Gomez-Ramirez* action. Dkt. # 17. Although the Court disregarded the document when considering the merits of this action, a cursory review of Dkt. # 17 shows it to be substantively identical to the motion to dismiss filed by Respondents in this case. *Compare* Dkt. # 17 *with* Dkt. # 10. Indeed, the only differences appear to be that Respondents substituted the names and factual background of the individual Petitioners. Otherwise, the text setting forth Respondents' legal arguments remains unchanged.